```
           UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW HAMPSHIRE
```

Derrick D. Hentschel

   v.                                              Civil No. 15-cv-026-JL

New Hampshire State Prison for Men


**REPORT AND RECOMMENDATION**

Before the court is plaintiff Derrick D. Hentschel's complaint (doc. no. 1), and the filing docketed as "Motion for Tort Claim; New Hampshire State Prison Causing Severe Pain and Suffering; and Extreme Emotional Trauma" (doc. no. 3), which this court construes as an addendum to the complaint. The complaint (doc. no. 1) and complaint addendum (doc. no. 3) are here for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

**Preliminary Review Standard**

In conducting preliminary review of pro se prisoner pleadings under 28 U.S.C. § 1915A and LR 4.3(d)(1), the court construes the pleading liberally in determining whether a pleading states a claim. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a

claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

In his pleadings (doc. nos. 1 and 3), Hentschel asserts federal civil rights claims under 42 U.S.C. § 1983, and state law tort and medical malpractice claims.  Hentschel's claims arise out of: (1) the prison's failure to give him his prescription pain medication, Tramadol, which he asserts he needs to alleviate chronic knee and back pain; and (2) the prison's error in dispensing and/or causing him to take the anti-depressant Trazodone (for which he had no prescription), in lieu of Tramadol, for an unspecified period of time between March 2012 and March 26, 2014.

**Discussion**

I.  **Eighth Amendment Claims**

Hentschel alleges that unspecified prison officials placed him in danger, or failed to protect him from harm, by dispensing the wrong medication to him, and by preventing him from taking his prescribed medication, Tramadol.  To establish unconstitutional endangerment, violating an inmate's rights

2

under the Eighth Amendment, an inmate must assert facts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to the inmate's safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Hentschel alleges that after feeling inexplicably sick, weak, light-headed, and excessively sleepy for several days, Hentschel was summoned to take a prescribed dose of Tramadol. Hentschel asserts that a Closed Custody Unit corrections officer who was not "certified" to distribute the medication gave Hentschel the pills that had been marked by the prison's pharmacy as being Hentschel's Tramadol.  Hentschel took the pills and swallowed them, as directed by the officer, even though Hentschel noticed that they did not look the same as usual.  At that point, Hentschel asked to speak with the officer-in-charge, Sgt. Parent.  Hentschel asked Parent to investigate whether the pills were Tramadol, which Parent agreed to do.  Hentschel asserts that Sgt. Parent looked into the matter, then told Hentschel he had determined that Hentschel had been given Trazodone instead of Tramadol.  Hentschel alleges that Sgt. Parent said he would prepare a report on the issue and make a record of it in the prison's computer system.

Hentschel's allegations suggest that someone in the prison may have made a serious error in giving Hentschel the wrong medication.  The facts in the complaint do not suggest that any prison official or unnamed medical professional was subjectively aware that the incorrect medication had been dispensed, and was therefore aware of the risk that his or her conduct would cause Hentschel to take a medication he had not been prescribed.  Accordingly, he has not shown that an official with the relevant awareness failed to take reasonable steps to remedy the situation.  In the absence of such allegations, or facts from which the court can reasonably infer that any individual acted with deliberate indifference, neither the complaint nor the complaint addendum demonstrates that any prison official or medical professional may be held liable to Hentschel for a violation of his rights under the Eighth Amendment.  Therefore, Hentschel has not stated a claim for relief under 42 U.S.C. § 1983, arising out of the facts alleged in Document Nos. 1 and 3, and the district judge should dismiss those claims.

II.  **State Claims**

This court may decline to exercise jurisdiction over the state law claims in this case where all of the federal claims are dismissed.  See 28 U.S.C. § 1367(c)(3).  If the district judge accepts the magistrate judge's recommendation that

4

Hentschel's Eighth Amendment claims be dismissed for failure to state a claim, the district judge should also decline to exercise supplemental jurisdiction over Hentschel's state law tort and medical malpractice claims, as they arise out of the same factual allegations. The district judge should dismiss the related state law tort and malpractice claims without prejudice to Hentschel's ability to refile those claims in state court.

## Conclusion

For the foregoing reasons, magistrate judge recommends as follows:  (1) the district judge should dismiss the Eighth Amendment claims in this case for failure to state a claim upon which relief can be granted; and (2) the district judge should decline to exercise supplemental jurisdiction over the related state law tort and malpractice claims in this case, without prejudice to Hentschel's ability to refile the same claims in state court.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins.

Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 12, 2015

cc: Derrick D. Hentschel, pro se